NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

BRUCE CARTAGE, INC., Respondent.

No. 79–1185.

United States Court of Appeals,
Sixth Circuit.

July 17, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., Washington, D.C., Bernard Gottfried, Director, Region 7, N.L.R.B., Detroit, Mich., for petitioner.

Miles J. Purcell, Saginaw, Mich., for respondent.

Before LIVELY, Circuit Judge, PHILLIPS and PECK, Senior Circuit Judges.

### ORDER

This matter came before the Court upon the filing of a petition by the Board seeking to adjudicate respondent in civil contempt and further civil relief. An order was subsequently entered designating a Special Master in this cause and the report of the Special Master was filed on November 21, 1980. Counsel for the parties were then advised to submit any objections to the report and recommendations filed by the Special Master and none were in fact filed. Petitioner then moved for summary entry of the contempt adjudication based on the Master's report. Respondent has objected to the summary adjudication.

Upon consideration of the petitioner's motion for summary entry of contempt adjudication, the respondent's objection thereto, and further considering the Special Master's report to this Court and the record of proceedings before the Special Master, and it appearing that the respondent failed to submit findings or to object to the Board's proposed findings of fact and conclusions of law before the Special Master, and it further appearing that respondent failed to file any formal objections to the Special Master report and recommendation by March 16, 1981 as required by the Clerk's letter of February 23, 1981, the Court concludes that the Special Master's recommendations are appropriate and his report is hereby approved.

It is hereby adjudged and decreed that Bruce Cartage, Inc. is in civil contempt of the Court's judgment of July 18, 1979, and Bruce Cartage, Inc., its officers, agents, successors and assigns shall purge respondent of said contempt by:

1. Forthwith reinstating Gene R. Rice and making him whole for any loss of earnings, all in accordance with the terms of the Board's order as enforced by the Court;

2. Forwarding to the Board's Detroit, Michigan, Regional Office all Company records and memoranda regarding Gene R. Rice or necessary or useful to compute the backpay due to Gene R. Rice; and, upon request, making available to the Board all of its papers and records required by the Board to monitor compliance with the judgment or this contempt order;

3. Immediately duplicating at its own expense and posting in conspicuous places, including all places where notices to employees are customarily posted for a period of sixty (60) consecutive days, copies of the contempt adjudication and a notice in the form prescribed by the Board and signed by an officer of the Company stating that the Company has been adjudicated in civil contempt of this Court for failing and refusing to comply with the judgment of this Court, and that the Company will take the action in purgation ordered by this Court, and by maintaining such notices and a copy of the contempt adjudication in clearly legible condition throughout such posting period and ensuring that they are not altered, defaced or covered by any other material;

4. Signing, duplicating, and mailing at the Company's expense, sufficient copies of said notice and of the adjudication to Gene R. Rice and to each of the Company's employees since the date of Rice's discharge, and providing the Director of the Board's Seventh Region with proof of such mailings;

5. Filing separate sworn statements with the Clerk of this Court and a copy with the Director of the Board's Seventh Region within fifteen (15) days after the entry of this adjudication and again at the end of the posting period, showing what steps have been taken by the Company to comply with this order; and

6. Paying to the Board all costs and expenses, including attorneys' salaries, incurred by the Board in the investigation, preparation, and final disposition of this proceeding for an adjudication in civil contempt, said amount, unless agreed upon, to be fixed by the Court upon submission by the Board of a certified Bill of Costs.

It is further ORDERED that to assure compliance with the foregoing that upon the failure of the Company, its officers, agents, successors and assigns to purge the Company of said civil contempt, the Court hereby assesses a compliance fine of $2,500.00 for each and every future violation of this order or of the judgment of July 18, 1979 and $500.00 for each and every day such violation continues. The Court reserves jurisdiction to issue attachment against any officer or agent of the Company responsible for non-compliance with the foregoing.